UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



FROST & MILLER, LLP,

        Plaintiff,

  -against-

HEAVEN'S WAY INVESTMENT TRUST,
et al.,

        Defendants.

21-CV-6648 (AT) (BCM)

**ORDER REGARDING GENERAL
PRETRIAL MANAGEMENT &
DEFAULT MOTION**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to me for general pretrial management, including scheduling, discovery, hearing and determination of non-dispositive motions, report and recommendation on dispositive motions (including the motions for default at Dkt. Nos. 21-23, 33-35, 52-59), and settlement, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. No. 63.)[1] All motions and applications must henceforth be addressed to me in compliance with the Individual Practices of Magistrate Judge Barbara Moses, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

I note that plaintiff has filed affidavits of service as to defendants Henderson & Jones Limited (H&J), Ann Fox, Femi Omomo, SubGallagher Investment Trust, Heaven's Way Investment Trust, and Aaron Cain McKnight (Dkt. Nos. 15, 20, 45), and has moved by proposed Order to Show Cause for the entry of default judgments against defendants H&J, SubGallagher Investment Trust, Heaven's Way Investment Trust, and McKnight (Dkt. Nos. 21-23, 33-35, 52-59). On February 1, 2022, plaintiff advised the Court that it did not intend to move for entry of a

---

[1] In a letter dated February 16, 2022 (Dkt. No. 61), plaintiff advised that it is "consenting . . . to the assignment of this case to a Magistrate Judge for the purpose of hearing and determining" the default motions. However, since that consent is not unanimous (the defendants against whom default judgments are sought not having consented to my jurisdiction), I must address the default motions pursuant to 28 U.S.C. § 646(b)(1)(B) (by issuing a report and recommendation) rather than pursuant to § 646(c). *See Rodrigues v. Corona Advances, Inc.*, 2018 WL 4043149, at * 2 (S.D.N.Y. Aug. 24, 2018) (collecting cases).

default judgment against defendants Fox and Omomo, "since their purported claims against plaintiff were purchased by H&J." (Dkt. No. 60 at 2.). However, on February 17, 2022, the district judge advised that the Court will not "resolve this case without entry of a judgment as to *all* defendants," and directed plaintiff to move for a default judgment against Fox and Omomo, or else dismiss them from this action, by March 1, 2022. (Dkt. No. 62 (emphasis in the original).) Most recently, plaintiff has advised the Court that its counsel has been approached by counsel for H&J, and that there is "strong motivation to reach a settlement with H&J, Fox and Omomo." (Dkt. No. 64 at 2.)

The Court will hold a conference on **April 14, 2022, at 10:00 a.m., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse**. Between now and then, plaintiff is directed to file a *single* motion, in accordance with the standards set forth below, for the entry of a default judgment as to all defendants against whom such relief is sought (the Defaulting Defendants). In light of the possibility of a settlement with certain defendants, the deadline for the filing of the default motion is EXTENDED to **March 15, 2022**.

The motion may be presented in the form of a proposed Order to Show Cause but must be supported by (a) a memorandum of law that specifies, as to each Defaulting Defendant, the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from that Defaulting Defendant, and (b) admissible evidence regarding plaintiff's claimed damages, as further set forth below.

a.   Jurisdiction. Before a judgment can be entered and damages or other relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over each Defaulting Defendant, *see Sheldon v. Plot Commerce*, 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*,

2

2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, 2009 WL 1044606, at \*1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, 2010 WL 3861002, at \*2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010), and subject-matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at \*9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998)) (courts "may not reach the merits of a claim before establishing subject matter jurisdiction"). Plaintiff is advised that failure to adequately establish service as to the Defaulting Defendants may result in denial of plaintiff's request for a judgment as to that Defaulting Defendant.

b.      <u>Liability</u>. The Court must also be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against each Defaulting Defendant. *See Sheldon*, 2016 WL 5107072, at \*5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiff's motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true[.]"). The memorandum of

3

law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish each Defaulting Defendant's liability for each cause of action as to which plaintiff seeks a judgment against it.

c.   Damages. Plaintiff must provide *admissible evidence* sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if plaintiff seeks actual (as opposed to statutory or nominal) damages, the default motion must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. Plaintiff's memorandum should demonstrate, for each Defaulting Defendant, how plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against that Defaulting Defendant. The Court may conduct the inquiry based solely upon the written submissions before it, *see Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (separate damages hearing not required), or may schedule an evidentiary hearing as to damages. If plaintiff seeks an evidentiary hearing, it must set forth in its motion papers the reason for the hearing, identify the witnesses to be called to testify, and describe the nature of the evidence that would be submitted.

d.   Attorneys' Fees. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and

describing his or her background and qualifications, as well as evidence documenting plaintiff's costs and expenses.

e.      Service. If the motion papers are not in the form of a proposed Order to Show Cause, plaintiff must serve each Defaulting Defendant by mail at its last known address with those motion papers, including plaintiff's memorandum of law and all supporting materials, and with a copy of this Order. Plaintiff shall file proof of such service along with its motion papers. *See* Local Civ. R. 55.2(c) ("all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court").

Going forward, parties and counsel are cautioned:

1.      Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of the Individual Practices of Judge Moses. Telephone requests for adjournments or extensions will not be entertained.

2.      In accordance with § 1(d) of the Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

3.      If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin Snell at (212) 805-0228 immediately.

**PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**

**Conferences and Hearings.** Court conferences and hearings may be conducted by teleconference, videoconference, or in person. Teleconferences are held on the Court's AT&T line. If a teleconference is scheduled, the parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. Videoconferences are held using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties agree upon and arrange. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference. Please treat teleconferences and videoconferences as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. In person conferences are held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

**Remote Depositions.** Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
      February 22, 2022              **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**