

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FROST & MILLER, LLP,

        Plaintiff,

-against-

HEAVEN'S WAY INVESTMENT TRUST, et al.,

        Defendants.

21-CV-6648 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff's letter-motion dated March 31, 2022 (Dkt. No. 76) is GRANTED to the extent set forth below.

1. Plaintiff's deadline for filing a single set of motion papers seeking a default judgment against the remaining defaulted defendants is EXTENDED to **April 26, 2022**. The papers must be consolidated, and must conform to the requirements set forth in the Court's Order Regarding General Pretrial Management & Default Motion dated February 22, 2022. (Dkt. No. 65.) In particular, plaintiff is reminded that:

    a. Liability must be demonstrated based on the well-pleaded allegations in the complaint served upon the defaulted defendants. "[I]f the well-pleaded factual allegations in the complaint fail to state a claim upon which relief can be granted, no damages can be awarded, even if the post-default inquest submissions supply the missing information." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 8955234, at *8 (S.D.N.Y. Oct. 25, 2019) (collecting cases), *report and recommendation adopted sub nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020).

b.  Damages, on the other hand, must be established based on "admissible evidence," *Joint Stock Co. Channel One Russia Worldwide*, 2019 WL 8955234, at *13, which must be sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). This is so because a defendant's default "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In the absence of an adequate evidentiary showing, the court cannot not award damages, even if liability is established. *See, e.g.,Yunjian Lin v. Grand Sichuan 74 St Inc.*, 2020 WL 3072290, at *2 (S.D.N.Y. June 10, 2020) (collecting cases).

2. The Court notes that according to plaintiff's previously-filed default papers, it seeks $345,000 in compensatory damages and $100,000 in punitive damages. *See, e.g.*, Declaration in Support of Order to Show Cause for Default Judgment (Dkt. No. 53) ¶¶ 48-49. However, plaintiff has not submitted any evidence in support of either figure, much less tied either amount to the conduct of any of the remaining defaulted defendants. To the contrary: the compensatory damages figure ($345,000) is simply the amount of the cash deposit that plaintiff allegedly received from defendant McKnight and disbursed according to his instructions. That money did not belong to plaintiff, which was not damaged by its disbursement. Moreover, although plaintiff alleges that now-settled defendant H&J threatened to sue plaintiff in the United Kingdom in connection with the cash deposit, *see* Am. Compl. (Dkt. No. 9) ¶ 43, it does not allege that H&J actually sued,

much less that plaintiff was required to pay $345,000 (or any other sum) to H&J (or any other defendant). Similarly, although plaintiff alleges that now-settled defendants Fox and Omomo filed a disciplinary action against it in New York, *see* Am. Compl. ¶ 38, its default papers do not tie the $345,000 it seeks to that disciplinary action, nor to any of the remaining defaulted defendants.

3. The conference currently scheduled for April 14, 2022, is ADJOURNED *sine die*.

Dated: New York, New York
April 5, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**