UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FROST & MILLER, LLP,

                Plaintiff,

-against-

HEAVEN'S WAY INVESTMENT TRUST,
AARON CAIN McKNIGHT, and
SUBGALLAGHER INVESTMENT TRUST,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/31/2024_

21 Civ. 6648 (AT) (BCM)

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, Frost & Miller, LLP, moves for entry of a default judgment against Defendants, Heaven's Way Investment Trust ("Heaven's Way"), Aaron Cain McKnight, and SubGallagher Investment Trust ("SubGallagher"). *See* ECF Nos. 21–23, 29–35, 52–59, 79–85, 92. On February 17, 2022, the Court referred the matter to the Honorable Barbara C. Moses for a report and recommendation. ECF No. 63. Before the Court is Judge Moses' Report and Recommendation (the "R&R") dated January 20, 2023, which recommends that the action be dismissed for lack of subject matter jurisdiction or, in the alternative, that Plaintiff's motion be granted in part and denied in part. *See generally* R&R, ECF No. 93. On February 16, 2023, Plaintiff filed timely objections to the R&R. Objs., ECF No. 101.

    For the reasons stated below, the Court ADOPTS IN PART the R&R's conclusions. The Court finds that it has subject matter jurisdiction over this action. As to Defendants Heaven's Way and SubGallagher, the Court DENIES Plaintiff's request for entry of a default judgment, VACATES the certificates of default, and DISMISSES Plaintiff's claims. As to Defendant Aaron Cain McKnight, the Court GRANTS Plaintiff's request for entry of default judgment.

## BACKGROUND

Judge Moses ably recounted the complicated factual background and procedural history of this matter in the R&R. *See* R&R at 2–12. This order presumes familiarity with the facts and thus summarizes only the key details in brief.[1] On June 13, 2018, Frost & Miller, a law firm with two partners, one in New Jersey and one in New York, received $345,000 in its operating account via a wire transfer from an account in the name of "Danielle Amy Fox." Am. Compl. ¶¶ 1, 25, ECF No. 9; Miller Decl. ¶ 13 & Ex. 7, ECF No. 80. Frost & Miller had been told two days earlier by one of its clients, Aaron Cain McKnight, to expect the funds, which McKnight stated were "under his sole control" and were not under any "escrow agreement or escrow arrangement." Am. Compl. ¶¶ 23–24. Following McKnight's instructions, Frost & Miller immediately disbursed the funds to various individuals and entities, including $20,000 to a Ryshawn Delbridge in Bayonne, New Jersey. *Id.* ¶ 26; Miller Decl. ¶ 14 & Ex. 8.

As Frost & Miller would later learn, the money it received on June 13, 2018 did not lawfully belong to its client. Approximately one year after Frost & Miller disbursed the funds as instructed, Kenneth N. Miller, one of the firm's partners, received a letter from an attorney demanding the return of the $345,000. Am. Compl. ¶ 32. Miller investigated the matter and learned that three days before the funds were transferred into his firm's operating account, an entity known as Heaven's Way entered into an agreement with a person named Ann Fox for an investment of $345,000. *Id.* ¶¶ 17–21. The agreement listed Frost & Miller as the "escrow agent" for Fox's $345,000 "cash deposit," and it instructed Fox to wire the funds into Frost & Miller's operating account. *Id.* Under a separate agreement executed around the same period,

---

[1] In considering a motion for entry of a default judgment, the Court "accept[s] all well-pleaded factual allegations in the complaint as true, except those relating to damages." R&R at 13 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

Heaven's Way and SubGallagher jointly and severally agreed to serve as guarantors "of the Investment Deposit" of $345,000, for which Frost & Miller was listed as an "Asset Manager." *Id.* ¶ 22; ECF No. 9-2 at 1.

Plaintiff had no involvement in these agreements and was not aware of them at the time the funds were wired into its operating account. *See* Am. Compl. ¶¶ 34–35. After learning of the agreements, Miller contacted Delbridge, Heaven's Way's principal, who "admitted . . . that he used Plaintiff's name and Miller's name" in the agreement with Fox "without their authorization," and that Heaven's Way "improperly and wrongfully nam[ed] Plaintiff as escrow agent." *Id.* ¶ 35.

On March 26, 2021, Plaintiff received a pre-litigation demand letter for $345,000, plus interest and attorney's fees, from a firm in the United Kingdom representing a client who was assigned claims against Plaintiff by Fox and a man named Femi Omomo. *Id.* ¶ 42; ECF No. 9-4 ¶¶ 1–3. The letter claimed that Frost & Miller "breach[ed] [its] duty as an escrow agent and/or [failed] to take any (or any reasonable) checks as to the purpose for which $345,000 was paid" into its operating account by Fox. ECF No. 9–4 ¶ 2. The letter demanded a "total sum" of $458,277.78. *Id.* ¶ 3. Fox and Omomo also filed a disciplinary action against Plaintiff and Miller with the New York State Attorney Grievance Committee. Am. Compl. ¶ 38.

On August 6, 2021, Frost & Miller filed this action against Heaven's Way, Delbridge, McKnight, SubGallagher, Fox, Omomo, and the U.K. law firm ("H&J") seeking damages "in an amount not presently ascertainable, but believed to be in excess of $450,000[]." Am. Compl. at 1–2, 18–19; *see also* ECF No. 1. The complaint alleged that subject-matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332(a)(3), because Plaintiff and Heaven's Way,

3

McKnight, Delbridge, and SubGallagher are citizens of different states and Fox, Omomo and H&J are citizens of a foreign state, and the amount in controversy exceeds $75,000. *Id.* ¶ 9.

After Defendants failed to respond to the complaint or Plaintiff's amended complaint, Plaintiff obtained certificates of default as to each Defendant. ECF Nos. 19, 31, 50–51, 72–73. Plaintiff then filed a series of piecemeal motions for default judgment, seeking damages in the "principal amount" of $345,000, plus interest, and $100,000 in punitive damages, as well as costs. ECF Nos. 33–35, 52–54, 56–59. The Court referred the motions to Judge Moses, who ordered Plaintiff to set forth the precise damages amount sought from each Defendant in an omnibus memorandum of law with "*admissible evidence* sufficient to permit the Court to 'ascertain the amount of damages with reasonable certainty.'" ECF No. 63; ECF No. 65 at 4 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

On March 31, 2022, Plaintiff voluntarily dismissed its claims against H&J, Fox, and Omomo, explaining that it reached a settlement agreement with those defendants. ECF Nos. 75–77. In a supplemental filing, Plaintiff confirmed that it seeks $345,000 in damages plus interest from the remaining Defendants. Mem. at 23, ECF No. 85. In an effort to explain the basis for its proposed damages amount, Plaintiff stated that its settlement agreement with H&J, Fox, and Omomo requires it to assign any default judgments it obtains against Heaven's Way, McKnight, and SubGallagher to H&J, Fox, and Omomo, and to "forward any payments that it receives" to them (less the initial $20,000 received in payments), as the rightful owners of the $345,000 that was originally deposited in Plaintiff's operating account. ECF No. 80-12 ¶ 1. In short, Plaintiff claims that it seeks $345,000 so that it can "recover the [c]ash . . . it had disbursed [and] turn those funds over to Fox and Omomo." Mem. at 19. Thus, Plaintiff's "damages" are, in fact,

4

funds which it seeks "for the benefit of Fox and Omomo," who no longer are parties to this action. *Id.* at 20.

Judge Moses found that Delbridge, who passed away in March 2022, was a citizen of New Jersey when Plaintiff initiated this action and consequently, that Heaven's Way, for which Delbridge served as trustee, was also a New Jersey citizen. R&R at 11 n.8, 15–17. Because one of Frost & Miller's partners is a citizen of New Jersey, Judge Moses concluded that there was not complete diversity of citizenship among the parties when the action was filed and it should therefore be dismissed for lack of subject matter jurisdiction. *Id*. at 16–17. In the alternative, the R&R recommends dismissing Plaintiff's claims against SubGallagher and Heaven's Way for failure to state a claim. *Id.* at 18, 21–22. It also recommends granting Plaintiff's motion for a default judgment as to McKnight but limiting Plaintiff's damages to nominal damages because Plaintiff has failed to demonstrate that $345,000 is "the measure of any compensable injury" it suffered. *Id.* at 20, 22–23, 25.

## DISCUSSION

I.    <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When a party "makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for

5

clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.   Plaintiff's Objections

Plaintiff raises three objections to the R&R.

*First*, Plaintiff argues that the R&R erred in concluding that Delbridge was a citizen of New Jersey when Plaintiff filed its original complaint in August 2021. *Id.* The amended complaint does not allege Delbridge's state of citizenship, *see* Am. Compl. ¶ 2, however, it is "well established that when the question is subject matter jurisdiction, the [C]ourt is permitted to rely on information beyond the face of the complaint," *In re Petition of Germain*, 824 F.3d 258, 261 (2d Cir. 2016) (citation omitted). Here, the R&R relied on McKnight's emails to Miller in 2018, which provided an address in New Jersey for Delbridge, to support that Delbridge was living in New Jersey in 2021. R&R at 16; ECF No. 80-8 at 1. As Plaintiff points out, the R&R also cited an obituary for Delbridge from May 2022, written by Delbridge's mother, which states that Delbridge moved to Raleigh, North Carolina in May 2021, three months before Plaintiff filed this suit.[2] Objs. at 13–14. Plaintiff also supplies an affidavit from a private investigator, which

---

[2] R&R at 11 n.8 (citing *Ryshawn Delmar Delbridge*, Jackson Funeral Residence of Jersey City, LLC, https://www.jacksonjc.com/obituary/ryshawn-delbridge).

6

confirms that Delbridge moved to North Carolina prior to August 2021 and was employed by the City of Raleigh, North Carolina, from August 2021 until his death in March 2022.[3]  ECF No. 101-1 at 1–2.

The preponderance of the evidence demonstrates that Delbridge was a citizen of North Carolina when Plaintiff filed this action in August 2021.  Thus, the Court is satisfied that the parties' citizenship was completely diverse "at the time the action [was] commenced."  *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).  Plaintiff's first objection is sustained.

*Second*, Plaintiff objects to the R&R's alternative recommendation that the Court dismiss Plaintiff's claim against Heaven's Way for failure to state a claim.  Objs. at 15.  Plaintiff contends that the R&R erred in failing to consider Plaintiff's claim of conversion against Heaven's Way "for wrongfully, intentionally, and maliciously misappropriating Plaintiff's name without Plaintiff's permission or consent and misidentifying Plaintiff as the escrow agent" in its agreement with Fox.  *Id.*  Although the Court agrees that the R&R appears to have inadvertently overlooked Plaintiff's conversion claim, Plaintiff's objection is overruled because the amended complaint fails to state a cognizable claim of conversion.  Plaintiff points out that the New York Court of Appeals has held that the tort of conversion can embrace intangible property.  *Id.* at 16 (citing *Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d 283 (2007)).  But the Court of Appeals' decision in *Thyroff* did not disturb the longstanding view among New York courts that "the sole remedy for a plaintiff who claims that his or her . . . name has been used without his or her

---

[3] Courts "generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted); *see also Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).  The Court finds it appropriate to consider such evidence here, however, because the issue of subject matter jurisdiction appears to have been raised for the first time in the R&R, and the Court has an independent duty to ensure that subject matter jurisdiction is proper.  *See Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998).

consent is an action pursuant to §§ 50 and 51 of the Civil Rights Law." *Zoll v. Jordache Enters., Inc.*, No. 01 Civ. 1339, 2002 WL 31873461, at *16 (S.D.N.Y. Dec. 24, 2002) (quoting *Maxwell v. N.W. Ayer, Inc.*, 605 N.Y.S.2d 174, 176 (N.Y. Sup. Ct. 1993)); *see Thyroff*, 8 N.Y.3d at 292–93 (explaining that "electronic records . . . stored on a computer" that are "indistinguishable from printed documents" were "the *only* type of intangible property at issue" in *Thyroff*, and therefore the Court did not consider "any of the myriad other forms" of "information" that might be misappropriated (emphasis added)).  New York courts have "consistently dismissed common law claims" of conversion "based on an unauthorized use of an attribute of identity," as such claims "do[] not exist, other than under the Civil Rights Law." *Zoll*, 2002 WL 31873461, at *15–16 (citation omitted); *see id.* at *16 (explaining that "[t]he property right" in one's name, image, or likeness "exists only pursuant to the statutory scheme created by the Civil Rights Law").[4] Plaintiff's analogous claim, which is not brought under the Civil Rights Law, must be dismissed.

*Third*, and finally, Plaintiff objects to a footnote in the R&R which observes that "[a] New York lawyer is prohibited from commingling client funds with his own." R&R at 3 n.2; Objs. at 17–20.  Plaintiff urges the Court to "vacate" and "withdraw" this portion of the R&R, which Plaintiff claims incorrectly suggests that it violated the rules of professional conduct.  Objs. at 20. The objection is overruled.  The R&R draws no conclusion as to whether Frost & Miller violated such rules.  In any event, whether or not the firm or any of its partners violated the rules has no bearing on the issues presented in Plaintiff's motion for entry of default judgment.

---

[4] Plaintiff's allegations also fail to establish that any defendant "exercised an unauthorized dominion over the things in question . . . to the exclusion of [P]laintiff's rights," a necessary element of common law conversion.  *Yantha v. Omni Childhood Ctr., Inc.*, No. 13 Civ. 1948, 2013 WL 5327516, at *10 (E.D.N.Y. Sept. 20, 2013) (alteration adopted) (quoting *Eight in One Pet Prods. v. Janco Press, Inc.*, 828 N.Y.S.2d 899, 899 (App. Div. 2007)); *see also Geo Grp., Inc. v. Cmty. First Servs., Inc.*, No. 11 Civ. 1711, 2012 WL 1077846, at *9 (E.D.N.Y. Mar. 30, 2012) ("The Court does not read *Thyroff* to alter the traditional rule requiring the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor." (citation omitted)).

The Court has reviewed the portions of the R&R to which Plaintiff has not objected and finds no clear error.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART the R&R's conclusions. As to Defendants Heaven's Way and SubGallagher, the Court DENIES Plaintiff's motion for entry of a default judgment, VACATES the certificates of default, and DISMISSES Plaintiff's claims. As to Defendant McKnight, the Court GRANTS Plaintiff's motion. The Clerk of Court is respectfully directed to enter judgment against McKnight in the amount of $1.00, plus costs of suit, which Plaintiff must document within 30 days after the entry of final judgment in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1.

Plaintiff is directed to promptly serve a copy of this order on each Defendant in the same manner prescribed in the order to show cause, ECF No. 86, and to file proof of such service on the docket no later than **November 30, 2024**.

SO ORDERED.

Dated: October 31, 2024
New York, New York

ANALISA TORRES
United States District Judge